1  LEIGH GODDARD, NV Bar #6315
   PHILIP MANNELLY, NV Bar #14236
2  McDonald Carano LLP
   100 West Liberty Street, Tenth Floor
3  Reno, NV 89501
   Telephone: (775) 788-2000
4  Facsimile: (775) 788-2020
   lgoddard@mcdonaldcarano.com
5  pmannelly@mcdonaldcarano.com

6  KEVIN JOHNSON (*pro hac vice* forthcoming)
   RAY ZADO (*pro hac vice* forthcoming)
7  SAM STAKE (*pro hac vice* forthcoming)
   Quinn Emanuel Urquhart & Sullivan, LLP
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10 kevinjohnson@quinnemanuel.com
   rayzado@quinnemanuel.com
11 samstake@quinnemanuel.com

12 *Attorneys for Salesforce, Inc.*

13                UNITED STATES DISTRICT COURT

14                    DISTRICT OF NEVADA

15 WSOU INVESTMENTS, LLC,          Case No.    **3:23-ms-00003**

16                Plaintiff,       **SALESFORCE, INC.'S MOTION TO**
                                   **COMPEL COMPLIANCE WITH**
17 v.                             **SUBPOENA *DUCES TECUM* AND *AD***
                                   ***TESTIFICANDUM***
18
19 SALESFORCE, INC.,
20                Defendant.
21

22        Salesforce, Inc. ("Salesforce") respectfully moves for an order compelling compliance with

23 the subpoena *duces tecum* and *ad testificandum* directed to Orange Holdings ("Subpoena").

24 Salesforce requests relief in the form of a court order that Orange Holdings ("Orange") (1)

25 immediately produce a copy of all corporate bylaws, resolutions, and other governance documents

26 from the date of its incorporation to the present; (2) search for and produce all other responsive

27 documents; (3) provide a witness prepared to testify with respect to the topics set forth in the

28 Subpoena; and (4) such other relief that the Court may deem just and proper.

FILED ✓   RECEIVED
ENTERED   SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 13 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1   Salesforce brings this Motion in accordance with Federal Rules of Civil Procedure 26, 37,

2   and 45.  This Motion is based upon the accompanying Memorandum of Points and Authorities, the

3   Declaration of Olga Slobodyanyuk, the Declaration of Jared Kneitel, the attached exhibits, and any

4   further evidence and arguments the Court chooses to consider.  As required by LR 26-6(c), counsel

5   for Salesforce and Orange met and conferred in good faith to resolve the dispute without court

6   intervention.  *See* App. Ex. 25 ¶¶ 7-15.[1]

7   **MEMORANDUM OF POINTS AND AUTHORITIES**

8   **I.    INTRODUCTION**

9   WSOU Investments, LLC ("WSOU Investments") is a patent holding company that has ten

10  pending patent-infringement lawsuits against Salesforce in the Western District of Texas.  In that

11  litigation, Salesforce served a subpoena on Orange Holdings ("Orange"), a Nevada corporation that

12  owns, through several intermediary entities, the largest share of WSOU Investments.

13  The discovery sought from Orange generally relates to a case-dispositive license defense

14  that arises from a settlement and license agreement that Salesforce signed with Uniloc, a different

15  patent holding company founded by the same individual that founded WSOU Investments, Craig

16  Etchegoyen.  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████

26  _____

27  [1] Because the exhibits to this Motion to Compel exceed 100 pages, pursuant to LR IA 10-3(i),
    Salesforce submits a separate Appendix containing all exhibits supporting this Motion to Compel,

28  except for those submitted under seal.

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**McDONALD CARANO**
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1   ████████████████████████████████████████████████

2   ████████████████████████████████████████████████

3   ████████████████████████████████████████████████

4   ██████████████████ Moreover, based on certain information obtained through discovery from

5   WSOU Investments,███████████████████████████████████. If so, then Salesforce

6   is licensed to each of the ten patents WSOU Investments has asserted against Salesforce. Thus,

7   understanding the ownership structure and actions of Orange, ███████████████████████

8   ███████████████████████████████████████ is squarely relevant to this

9   key issue.

10      Salesforce's subpoena seeks documents and testimony concerning the formation, structure,

11  governance, and ownership of Orange, the relationship between Orange and Mr. Etchegoyen, and

12  the relationship between Orange and WSOU Investments. Salesforce sought the same information

13  directly from WSOU Investments, but WSOU Investments represented to the Court in that action

14  that it did not have possession or custody of the requested information. Salesforce also sought to

15  compel Orange to produce this information in response to its subpoena before Judge Gilliland in the

16  Western District of Texas. In a discovery hearing on December 21, 2022, ████████████████

17  ████████████████████████ since the subpoena required compliance in this

18  district. WSOU Investments also stated on the record during that hearing ████████████

19  ██████████████████████ But Orange has asserted a host of boilerplate,

20  general objections that fail to provide any specifics as to purported lack of relevance, burden,

21  proportionality, etc. with respect to the actual document requests and deposition topics at issue, and

22  based thereon, refused to produce any documents or testimony. Despite good faith attempts to meet-

23  and-confer, Orange has refused to comply with any part of the subpoena. Accordingly, the Court

24  should overrule Orange's objections and order it to comply with the subpoena in full.

25  **II.     FACTUAL BACKGROUND**

26      **A.     WSOU Investments' Patent Lawsuits Against Salesforce**

27      This Motion arises out of ten patent infringement lawsuits filed by WSOU Investments—a

28  non-practicing patent monetization entity—against Salesforce in the United States District Court for

the Western District of Texas (the "WSOU Patent Litigation").  *WSOU Investments, LLC v. Salesforce, Inc.*, Case Nos. 6:20-cv-01163 to -01172 (W.D. Tex.).  Since March 2020, WSOU Investments has filed around 200 patent infringement lawsuits against at least 17 defendants.  *See* App. Ex. 1 at 2. █████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

**B.      Salesforce Asserted a License Defense Based On** ███████████
██████████████

**1.      The Prior Settlement and Patent License Agreement Between Uniloc and Salesforce Granted Salesforce a License**████████████
████████████████████

Before he was the chairman of WSOU Investments, Mr. Etchegoyen founded and operated Uniloc, "a global network of various companies . . . that was one of the most active filers of patent lawsuits," including hundreds of patent cases in the United States.  App. Ex. 4 ¶¶ 10-11.  Salesforce and one of its subsidiaries were defendants in two of these patent cases.  Uniloc and Salesforce settled these cases in a "Confidential Settlement and Patent License Agreement" ("License Agreement") executed on December 29, 2016.  App. Ex. 5 at 14. ████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████ ████████

_____

[2]   All emphases to quotations are added unless otherwise noted.
[3] ████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████



1

2

3

4

5    Salesforce has asserted a license defense in the WSOU Patent Litigation based on the

6    License Agreement and ████████████████████████████████████████

7

8

9

10

11

12

13

14

15

16

17

18

19    **2.     Mr. Etchegoyen Appears to Have Control of ████████████**

20

21    The evidence adduced to date in the WSOU Patent Litigation strongly indicates that (1)

22

23

24    Orange was incorporated on May 1, 2017, with Mr. Etchegoyen as the sole member of its

25    board of directors.  App. Ex. 7 at 2.  Mr. Etchegoyen is also identified on Orange's corporate

26

27

28

1   documents submitted to the Nevada Secretary of State as Orange's president, secretary, treasurer,

2   and director from its incorporation to the present.  App. Exs. 8-11. ████████████████

3   ████████████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████████████████

7   ████████████████████████████████

8       ████████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████████

19  ████████████████████████████████

20

21  ──────────
    [4]
22  ████████████████████████████████████████████████████████████████████████
                                                                  WSOU Holdings
23  has not produced other executed versions and amendments of its operating agreements known to

24  exist, including without limitation its original Limited Liability Company Operating Agreement

    dated May 7, 2019, two other amendments to the A&R LLC Operating Agreement dated August 10
25  and December 31, 2020, and a later amended operating agreement dated May 28, 2021.  *See* App.

    Ex. 15 at 2; Ex. 17 (BP Terrier and ABN Complaint) ¶¶ 40, 45, 90.
26  ──────────
    [5]
27  ████████████████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████████████████████
    ██████████████████████████████████



Furthermore, the table below

**C.** **The Subpoena Seeks Discovery of Documents and Testimony Concerning**

On November 11, 2022, in accordance with Fed. R. Civ. P. 45(a)(4), Salesforce served notice of the Subpoena on WSOU Investments.  The Subpoena seeks, in relevant part, the following:

7

- Documents and communications concerning the formation, structure, governance, and ownership of Orange. App. Ex. 20, Requests 1-3, 8, 11-12, 20-21, 23.

- Documents and communications concerning the relationship between Mr. Etchegoyen and Orange, including his roles, rights, authority, duties, and responsibilities with respect to Orange. *Id.*, Requests 2-3, 8, 9, 11-12, 19-21, 23.

- Documents and communications concerning the relationship between Orange and WSOU Investments, including Orange's rights with respect to WSOU Investments and any direction or control exercised by Orange over WSOU Investments. *Id.*, Requests 4, 6-7, 9-10, 13-25.

- Documents concerning the relationship between Orange and Omega Credit Opportunities Master Fund. *Id.*, Request 5.

- Testimony concerning the aforementioned documents and communications. *Id.*, Topics 1-5, 7-19, 21.

- Testimony concerning "[t]he formation of WSOU [Investments]." *Id.*, Topic 6.

- Testimony concerning "[a]ny contemplated acquisition of patents or rights in patents from Nokia. *Id.*, Topic 20.

Orange was served with the Subpoena on November 14, 2022. App. Ex. 21.

**D.    Orange Objects to Producing Documents and Testifying At a Deposition**

On November 30, 2022, Orange served responses and objections to the Subpoena. App. Ex. 22. In its response, Orange refused to produce any documents or designate a witness to testify at a deposition. *See id.* at 1-59. Instead, Orange asserted a host of objections, almost all of which are boilerplate objections with no explanation of how they apply to each document request and deposition topic. *See id.* Orange's response recites the following boilerplate objections (grouped by topic) to every document request and deposition topic:

- relevance: "not relevant to any claim or defense in [the WSOU Patent Litigation]"; "seeks information the [W.D. Texas] Court has already found irrelevant and/or not discoverable"; "seeks information not relevant to any party's claim or defense, nor proportional to the needs of the case";

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

8

- <u>vague, ambiguous</u>: "vague and ambiguous"; "overly broad, burdensome, harassing, oppressive, vague, and ambiguous as to the meaning of" one or more terms;

- <u>overly broad, unduly burdensome, harassing, oppressive</u>: "seeks from [Orange] . . . materials and testimony that [Salesforce] can obtain from other sources, including public sources or parties to the litigation"; "this request is oppressive, burdensome and harassing as the [documents/information] requested can be sought from a party or other source without the need to seek them from [Orange]"; "overly broad, unduly burdensome, and [i]s not reasonably calculated to lead to the discovery of admissible evidence"; "overly broad, burdensome, harassing, oppressive, vague, and ambiguous as to the meaning of" one or more terms; "the instructions and definitions . . . seek to impose obligations beyond those contemplated by law and/or the Federal Rules of Civil Procedure";

- <u>confidentiality and privacy</u>: the request or topic "calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, [documents/information] that [are/is] shielded from [production/disclosure] by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges";

- <u>privilege</u>: "attorney-client privilege, work product doctrine, the common interest doctrine, or any other applicable law, privilege, or protection";

- <u>defective service</u>: "improper service of process";

*See id.*

Orange's response also sets forth the following objections while citing legal authority:

- "the [W.D. Texas] Court's Order Governing Proceedings does not require e-discovery";

- "license negotiations . . . are not discoverable" under E.D. Tex. case law;

- "[Salesforce] did not make any attempt to confer in good faith with [Orange] concerning the 'matters for examination' as required under Rule 30(b)(6)";

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

9

1    *See id.* at 2-3.[6]

2          On December 5, 2022, counsel for Salesforce and Orange met and conferred via telephone

3    conference regarding the Subpoena.  App. Ex. 25 ¶¶ 7-9.  Counsel for Orange had already received

4    a copy of the License Agreement and counsel for Salesforce had explained to him the basis of

5    Salesforce's license defense in a previous meet-and-confer when he represented other entities

6    concerning similar subpoenas.  *Id.* ¶¶ 3-4, 11; App. Ex. 26 (12/6/22 M. Pietz email).  But counsel

7    for Orange asserted that "its [*sic*] not [him] [Salesforce] need[s] to explain it to," and instead insisted

8    that Salesforce must explain the basis of its license defense to Orange.  App. Ex. 25 ¶ 11; Ex. 26

9    (12/6/22 M. Pietz email).  Following the WSOU Patent Litigation court's December 21, 2022 ruling

10   granting Salesforce's request to compel documents related to the ownership or control of WSOU

11   Holdings, WSOU Capital Partners, and Orange, Salesforce requested another meet-and-confer "to

12   see if the parties can reach an agreement on the production of documents and a deposition to narrow

13   the scope of the parties' disputes."  App. Ex. 25 ¶ 14; Ex. 26 (12/23/22 I. Wang email).  Orange

14   refused to meet and confer "[u]nless and until [Salesforce] ha[s] articulated [its] theories in some

15   more detail and supported them with evidence" beyond the detailed explanations Salesforce has

16   already provided in multiple telephonic meet and confers.  App. Ex. 25 ¶ 15; Ex. 26 (12/27/22 M.

17   Pietz email).

18   **III.    LEGAL STANDARD**

19          Fed. R. Civ. P. 45 provides that—via a subpoena—a party may command a non-party to (i)

20   produce documents in its possession, custody, or control and (ii) attend and testify at a deposition.

21   Fed. R. Civ. P. 45(a)(1)(A)-(B).  "The scope of discovery under a subpoena issued pursuant to Rule

22

23   ───────────────
     [6]  Orange did not assert an objection based on a lack of compensation from Salesforce for the costs
24   of complying with the Subpoena but has indicated that "[t]o the extent that [Orange] provides any
     information in response to this or any other subpoenas in this matter, [Orange] will expect
25   compensation from [Salesforce]." App. Ex. 22 at 3.  The case law cited by Orange are inapposite
     because they rely on an earlier version of Fed. R. Civ. P. 45 that is no longer in effect.  To the extent
26   that Orange seeks to object to the Subpoena based on the cost of compliance, it bears the burden of
     demonstrating that compliance with the Subpoena would impose an undue expense.  *See Nationstar*
27   *Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. July
     28, 2016) ("Conclusory or speculative statements of harm, inconvenience, or expense are plainly
28   insufficient."); Fed. R. Civ. P. 45(e)(1)(D).

1   45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Evenstar Master Fund SPC*

2   *v. Cao*, No. 2:20-cv-02333-KJD-BNW, 2022 WL 476095, at *2 (D. Nev. Feb. 15, 2022) (citing

3   *Proficio Mortg. Ventures, LLC v. Fed. Sav. Bank*, 2016 WL 1465333, at *3 (D. Nev. Apr. 14, 2016)).

4   "Rule 26(b)(1) allows a party to obtain information that is relevant to any claim or defense,

5   proportional to the needs of the case, and non-privileged." *Id.* "The person . . . opposing a motion

6   to compel bears the burden of establishing why the discovery should not be had." *Id.* (citing *Krause*

7   *v. Nevada Mutual Ins. Co.*, 2014 WL 496936, at *3 (D. Nev. Feb. 6, 2014)).

8   **IV.   ARGUMENT**

9        Orange should be compelled to comply with the Subpoena in full because it has failed to

10  meet its burden of establishing that the documents and testimony sought by the Subpoena should

11  not be had.  As a preliminary matter, Orange's "boilerplate objections are disfavored, 'especially

12  when [it] fails to submit any evidentiary declarations supporting such declarations.'" *EnvTech, Inc.*

13  *v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085, at *4 (D. Nev. Sept. 11, 2013)

14  (quoting *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. Feb. 15, 2006)).

15  Indeed, "[a]rguments against discovery must be supported by 'specific examples and articulated

16  reasoning.'" *Howard v. Boyd*, Case No. 2:20-cv-00462-GMN-NJK, 2022 WL 257021, at *3 (D.

17  Nev. Jan. 26, 2022) (quoting *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. Aug.

18  22, 2006)).  In this instance, Orange's response to the Subpoena recites boilerplate objections with

19  no examples or reasoning as to how they apply to each request or deposition topic. *See* App. Ex. 22

20  at 1-59.  The Court should overrule these boilerplate objections for this reason alone. *See Amazing*

21  *Ins., Inc. v. DiManno*, Case No. 2:19-cv-01349-TLN-CKD, 2020 WL 5440050, at *5-6 (E.D. Cal.

22  Sept. 10, 2020) ("Here, the nonparties asserted the same objections against each document request

23  in the subpoenas. The objections are not tailored to the specific requests; they are copied and

24  repeated verbatim. As such, they are boilerplate objections, which are tantamount to no objections

25  at all."); *see EnvTech*, 2013 WL 4899085, at *3-5, 8.  Furthermore, as explained below, all the

26  objections enumerated above—including the boilerplate objections—are meritless or inapplicable

27  in light of established facts and court rulings in the WSOU Patent Litigation.

28  / / /

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

### A.    Orange's Relevance Objections Are Meritless

Orange asserts numerous relevance objections without any support, thus rendering them inoperative. *See id.* Furthermore, Orange's objections that the documents and testimony sought by the Subpoena are not relevant to any claim or defense in the WSOU Patent Litigation and that the trial court has ruled that they are not discoverable are directly contradicted by the court's December 21, 2022 ruling granting Salesforce's request to compel the production of documents related to the structure, ownership, or control of WSOU Holdings, WSOU Capital, and Orange. *See* App. Ex. 6 at 33:20-34:8.  As explained above, documents and communications concerning (i) the formation, structure, governance, and ownership of Orange (Requests 1-3, 8, 11-12, 20-21, 23), (ii) Mr. Etchegoyen's relationship with Orange (Requests 2-3, 8, 9, 11-12, 19-21, 23), and (iii) the relationship between Orange and WSOU Investments (Requests 4, 6-7, 9-10, 13-25) directly implicate ███████████████████████████████████████████████████████████ ███████████████████████, and is thus relevant to Salesforce's license defense. *See supra* § II.A-B. Furthermore, Orange's objection that the discovery sought is not proportional to the needs of the WSOU Patent Litigation is belied by the fact that in this litigation, WSOU Investments—helmed by Mr. Etchegoyen as its chairman—has filed ten patent lawsuits against Salesforce seeking millions of dollars in damages, and that Salesforce's license defense is case dispositive.  Accordingly, Orange's relevance objections are meritless and should be overruled.

### B.    The Objections That The Document Requests and Deposition Topics Are Vague and Ambiguous Are Also Without Merit

Orange's response generally objects that each document request and deposition topic is "vague and ambiguous" and also specifically objects that the meaning of one or more terms within a request or topic is "vague[] and ambiguous." *See* App. Ex. 22 at 1, 3-59.  But asserting that requests or terms are vague or ambiguous without any explanation is not a valid objection. *See Amazing Ins.*, 2020 WL 5440050, at *5-6; *EnvTech*, 2013 WL 4899085, at *4, 8. Furthermore, most of the terms that Orange asserts are vague and ambiguous—*e.g.*, "you," "Orange," "WSOU," and the names of other related third parties such as "Nokia," "AQUA," "Houlihan," and "BP Funding Trust"—are specifically defined within the Subpoena. *See* App. Ex. 20 at 4-6 ("Attachment A").

In addition, Orange also asserts this objection without any explanation against commonly used terms such as "relationship" (*i.e.*, "the relationship between Orange and WSOU") and "compensate" (*i.e.*, "to compensate Craig Etchegoyen"). *See* App. Ex. 22 at 7, 13. Accordingly, these objections should be overruled.

**C.   The Objections That The Document Requests and Deposition Topics Are Overly Broad, Unduly Burdensome, Harassing, and Oppressive Are Without Merit and Improper**

Orange's response includes numerous unsupported objections that the document requests and deposition topics are "overly broad, unduly burdensome, harassing, and oppressive." *See* App. Ex. 22 at 2-59. "[I]t has long been clear that a party claiming that discovery imposes an undue burden must 'allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.'" *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. July 28, 2016) (quoting *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. June 18, 1997)). And as the Court has held, "[b]oilerplate objections such as 'overly burdensome and harassing' are improper." *Racings Optics, Inc. v. Aevoe Corp.*, Case No. 2:15-cv-1774-RCJ-VCF, 2016 WL 3912848, at *1 (D. Nev. July 19, 2016) (quoting *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. Feb. 15, 2006)); *see also Diamond State Ins. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 696 (D. Nev. Sept. 22, 1994) (explaining that a "generalized and unsupported allegation of undue burden is not sufficient to prevent enforcement of the subpoenas"). To the extent that Orange asserts this objection on the basis that the discovery sought can be obtained from other sources, it does not—and cannot—explain why anyone else would have the information sought by the Subpoena (*e.g.*, documents and communications regarding (i) the formation, structure, governance, and ownership of Orange and (ii) the relationship between Orange and Mr. Etchegoyen)—information likely in Orange's exclusive possession, custody, or control. █████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1  ████████████████. Accordingly, Orange's "overly broad, unduly burdensome, harassing, and
2  oppressive" objections should be overruled for being meritless and improper.

3       **D.    The Objections Based on Confidentiality and a Right of Privacy Are Invalid and
4              Moot**

5       Orange's response objects that the discovery sought is "non-public, private, personal,
6  confidential, proprietary information, or trade secret information that has been maintained in
7  confidence and/or is legally required to be maintained in confidence" under unspecified laws and
8  the "right of privacy under the United States Constitution." *See* App. Ex. 22 at 4-59.   The
9  confidentiality related objections are invalid because "only privilege, not confidentiality, is a valid
10 objection under Fed. R. Civ. P. 26(b)." *Lieberman v. Unum Grp.*, Case No. 5:20-cv-1798-JGB
11 (SPx), 2021 WL 4807643, at *5 (C.D. Cal. Oct. 14, 2021) (quoting *Walt Disney Co. v. DeFabiis*,
12 168 F.R.D. 281, 283 (C.D. Cal. July 3, 1996)) (internal quotation marks omitted).   Moreover, "[a]
13 boilerplate claim of . . . privacy is, likewise, insufficient." *Shakespear v. Wal-Mart Stores, Inc.*,
14 Case No. 2:21-cv-01064-MMD-PAL, 2012 WL 13055159, at *3 (D. Nev. Nov. 5, 2012).   This
15 objection is also moot because there is an interim protective order in the WSOU Patent Litigation
16 that allows Orange to designate the documents and testimony it produces pursuant to the Subpoena
17 as "confidential" or "Confidential — Outside Attorneys' Eyes Only" (App. Ex. 23 at 6-7), and
18 counsel for Orange has already indicated that Orange would likely agree to abide by the existing
19 protective order. *See* App. Ex. 26 (12/27/22 M. Pietz email).

20       **E.    The Privilege Objections Are Insufficient**

21       "The Ninth Circuit has held that boilerplate objections or blanket refusals to produce
22 documents are insufficient to assert a privilege." *Shakespear*, 2012 WL 13055159, at *2 (citing
23 *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. Of Montana*, 408 F.3d 1142, 1149 (9th
24 Cir. 2005)).   Orange objects to every document request and deposition topic on the basis of the
25 attorney-client privilege, work-product doctrine, and the common interest doctrine without any
26 specifics. *See* App. Ex. 22 at 1-59.   As such, these objections are insufficient to assert a privilege
27 and should be overruled. *See Shakespear*, 2012 WL 13055159, at *3.   Furthermore, if responsive
28 documents exist and have been withheld, Orange is required to compile and serve Salesforce with a

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1  privilege log which complies with Rule 26(b)(5).  *See id.*

2  ### F.   The Objection of Improper Service of Process Is Meritless

3  Orange's objection of "improper service of process" fails to identify any defect with the

4  service of the Subpoena.  *See* App. Ex. 22 at 1.  In fact, the proof of service shows that the Subpoena

5  was properly served on Orange's registered agent.  *See* App. Exs. 11, 21.  Thus, this objection is

6  meritless and should be overruled.

7  ### G.   The Objection to E-Discovery Is Inapplicable

8  Orange's objection that the trial "[c]ourt's Order Governing Proceedings does not require e-

9  discovery" is inapposite because—by Orange's own admission—the OGP does not apply to the

10  Subpoena.  Indeed, when Salesforce sought to enforce the Subpoena in the WSOU Patent Litigation,

11  Orange argued to the trial court that the OGP "has a Section IV that governs discovery disputes

12  *between the parties*," and thus as a non-party it was "not subject to the OGP's expedited discovery

13  procedures."  App. Ex. 24 at 1 (emphasis in original).  Accordingly, the Court should overrule

14  Orange's objection to searching and producing electronically stored information.

15  ### H.   The Objection Regarding the Discovery of License Negotiations Is Inapplicable

16  Orange's objection that evidence of license negotiations is not discoverable is also inapposite

17  because the Subpoena does not seek discovery of license negotiations.  *See* App. Ex. 20 at 13-17.

18  And to the extent that Orange objects to the production of documents and testimony regarding

19  discussion of license negotiations between WSOU Investments and third parties directed or

20  controlled by Orange and/or Mr. Etchegoyen, the case law cited by Orange is inapposite because,

21  unlike in those cases, Salesforce is not seeking such discovery as evidence of the value of the

22  asserted patents in the WSOU Patent Litigation in a hypothetical negotiation.  *See Sol IP, LLC v.*

23  *AT&T Mobility LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140, at *3 (E.D. Tex. Jan. 6,

24  2020); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *5

25  (E.D. Tex. May 4, 2011).  Rather, the discovery sought by the Subpoena is to show whether WSOU

26  Investments was or is under ███████████████████████████.

27  Accordingly, the Court should overrule this objection.

28  ///

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

I.    **The Objection That Salesforce Allegedly Failed to Meet-and-Confer in Good Faith on Deposition Topics Is Inaccurate**

Orange objects to the Subpoena because it "purports to unilaterally mandate the matters for examination" and Salesforce allegedly "did not attempt to confer in good faith with [Orange] . . . as required under Rule 30(b)(6)." App. Ex. 22 at 3.   As shown above, Salesforce has repeatedly explained to counsel for Orange in meet-and-confers how the discovery sought by the Subpoena is relevant to Salesforce's license defense, and it has offered to further meet-and-confer to narrow the scope of the parties' dispute. *See supra* § II.D.  In contrast, it is Orange that refuses to comply with Rule 30(b)(6) and "designate one or more officers, directors, or managing agents, or . . . other persons who consent to testify on its behalf."  Given Orange's boilerplate objections, blanket refusal to provide a witness to testify on any of the deposition topics, and its refusal to meet-and-confer, Orange's objection is meritless and should be overruled.

## V.    CONCLUSION

For the foregoing reasons, Salesforce respectfully requests the Court grant this Motion and issue an order requiring Orange to (1) immediately produce a copy of all corporate bylaws, resolutions, and other governance documents from the date of its incorporation to the present; (2) search for and produce all other responsive documents; and (3) provide a witness prepared to testify

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

16

1 | with respect to the topics set forth in the Subpoena.

2 | DATED: January 13, 2023            McDONALD CARANO LLP

3

4 |                                    By: */s/ Leigh Goddard*
                                       LEIGH GODDARD, NV Bar #6315
5 |                                    PHILIP MANNELLY, NV Bar #14236
                                       100 West Liberty Street, Tenth Floor
6 |                                    Reno, NV 89501
                                       Telephone: (775) 788-2000
7 |                                    Facsimile: (775) 788-2020
                                       lgoddard@mcdonaldcarano.com
8 |                                    pmannelly@mcdonaldcarano.com

9 |                                    KEVIN JOHNSON (*pro hac vice* forthcoming)
                                       RAY ZADO (*pro hac vice* forthcoming)
10 |                                   SAM STAKE (*pro hac vice* forthcoming)
                                       Quinn Emanuel Urquhart & Sullivan, LLP
11 |                                   555 Twin Dolphin Drive, 5th Floor
                                       Redwood Shores, CA 94065
12 |                                   Telephone:  (650) 801-5000
                                       Facsimile:  (650) 801-5100
13 |                                   kevinjohnson@quinnemanuel.com
                                       rayzado@quinnemanuel.com
14 |                                   samstake@quinnemanuel.com

15 |                                   *Attorneys for Salesforce, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano LLP and that pursuant to LR 5-3 I caused to be electronically filed on this date a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system. A copy will be served via mail and email upon the following:

Morgan E. Pietz
Julie Goerlinger
Pietz & Shahriari LLP
6700 S. Centinela Ave.
2nd Floor
Culver City, CA 90230
*morgan@pstrials.com*
*julie@pstrials.com*

Mark Siegmund
Greg Love
STECKLER WAYNE CHERRY &
LOVE PLLC
8416 Old McGregor Road
Waco, Texas 76712
*mark@swclaw.com*
*greg@swclaw.com*

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John W. Downing
Heather S. Kim
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
*jwaldrop@kasowitz.com*
*djones@kasowitz.com*
*mbarber@kasowitz.com*
*jdowning@kasowitz.com*
*hkim@kasowitz.com*
*WSOUvSalesforce@kasowitz.com*

DATED: January 13, 2023.


*/s/ Nancy A. Hoy*
Nancy A. Hoy

18

1

## INDEX OF APPENDIX EXHIBITS

2

3

| Exhibit No. | Exhibit Description | Volume No. | Pages No. |
|---|---|---|---|
| 1 | Unified Patents - A Year of WSOU | 1 | 7 |
| 2 | 11-17-22 Shanus Deposition Transcript | 1 | 14 |
| 3 | 12-15-22 Etchegoyen Deposition Transcript | 1 | 11 |
| 4 | Uniloc Complaint (California State Court) | 1 | 17 |
| 5 | Uniloc-Salesforce Settlement & License Agreement | 1 | 37 |
| 6 | 12-21-22 Discovery Hearing Transcript | 1 | 10 |
| 7 | Orange Holdings Articles of Incorporation | 1 | 5 |
| 8 | Orange Holdings Initial List of Officers & Directors | 1 | 2 |
| 9 | Orange Holdings Annual List 2019 | 1 | 4 |
| 10 | Orange Holdings Annual List 2020 | 1 | 4 |
| 11 | Orange Holdings Certificate of Reinstatement - Revival | 1 | 5 |
| 12 | WSOU Investments Operating Agreement | 1 | 20 |
| 13 | WSOU Investments A&R Operating Agreement | 1 | 20 |
| 14 | WSOU Investments Second A&R Operating Agreement | 1 | 77 |
| 15 | WSOU Holdings A&R LLC Operating Agreement | 2 | 42 |
| 16 | WSOU Holdings First Amendment to A&R LLC Operating Agreement | 2 | 9 |
| 17 | BP Terrier and ABN Complaint | 2 | 28 |
| 18 | WSOU Capital Partners A&R Operating Agreement | 2 | 22 |

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

19

| 19 | WSOU Capital Partners Second A&R Operating Agreement | 2 | 22 |
|----|----|----|----|
| 20 | 11-11-22 Salesforce Subpoena to Orange Holdings | 2 | 19 |
| 21 | POS Orange Holding subpoena | 2 | 2 |
| 22 | 11-30-22 Orange Holdings Objections to Salesforce Subpoena | 2 | 65 |
| 23 | Standing Order Governing Proceedings – Patent Cases 091622 | 3 | 20 |
| 24 | Submitted Third Party Subpoenas Discovery Dispute Chart (2022.12.15) | 3 | 4 |
| 25 | Declaration of Olga Slobodyanyuk | 3 | 5 |
| 26 | Email thread between counsel regarding subpoenas | 3 | 31 |
| 27 | Declaration of Jared Kneitel | 3 | 5 |

4883-7178-4266, v. 1

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020