# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WSOU INVESTMENTS, LLC, | Case No.: 3:23-cv-00023-RCJ-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 3, 16, 21, 24 |
| SALESFORCE, INC., | |
| Defendants | |

Before the court are Salesforce's and interested non-party Orange Holdings' motions for leave to file various documents under seal in connection with a motion to compel compliance with subpoenas and motion to transfer venue. (ECF Nos. 3, 16, 21, 24.)

For the reasons set forth below, the motions are granted.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right

of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.*

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Salesforce and Orange Holdings seek leave to file exhibits under seal in connection with a motion to compel compliance with subpoenas and a motion to transfer that motion to the court where the underlying action was filed. These motions are only tangentially related to the merits of the case. Therefore, the good cause standard applies.

In its motions, Salesforce seeks leave to file portions of the motion to compel and exhibits as well as portions of their reply brief and exhibits under seal because they contain confidential information related to: (i) a settlement and patent license agreement between Salesforce and a third party; and (ii) the corporate structure, ownership, and management relating to plaintiff WSOU Investments, LLC, and its related entities. (ECF No. 3, 24.)

In its motions, Orange Holdings seeks leave to file under seal the unredacted versions of its opposition to Salesforce's motion to compel compliance with subpoena and its motion to transfer that motion, as well as Exhibits H and I referenced in both filings. The opposition and motion contain quotes of a discovery transcript hearing from December 21, 2022, which is filed under seal in the United States District Court for the Western District of Texas Waco Division. Exhibits H and I contain discussions of Salesforce's license defense that contains confidential or otherwise highly sensitive information. (ECF No. 16, 21.)

The court finds Salesforce and Orange Holdings have demonstrated good cause to justify sealing the referenced documents. Therefore, the motions for leave to file these documents under seal (ECF Nos. 3, 16, 21, and 24) are **GRANTED**.

**IT IS SO ORDERED**.

Dated: February 27, 2023

_____
Craig S. Denney
United States Magistrate Judge